UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| REPUBLIC WINDOWS & DOORS, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Case No. 08-34113 |
| | ) | |
| | ) | |
| PHILLIP D. LEVEY, not individually, but solely in his capacity as duly appointed Chapter 7 Trustee of the Bankruptcy Estate of Republic Windows & Doors, LLC, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Adversary No. 10-2513 |
| v. | ) ) | |
| RICHARD GILLMAN, et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION ON MURRAY GROSS' MOTION TO DISMISS COUNTS XVII and XVIII OF THE FIRST AMENDED COMPLAINT (Dkt. No. 86)**

In this matter Defendant Murray Gross ("Gross") asks the Court to dismiss Counts XVII and XVIII of the First Amended Complaint as to him for failure to state a claim upon which relief can be granted.

For the reasons noted herein the motion is granted.

## FACTS

A detailed discussion and chronology of the alleged wrongful conduct is set forth in this Court's Memorandum Opinion in Bankruptcy Case No. 08-34113, Adversary Proceeding 10-2513, dated October 12, 2011, Dkt. No. 161, Sections I through V of that Memorandum Opinion are incorporated herein by reference.

## LEGAL ANALYSIS

Gross' decisions as a member of the Debtor's board are protected by the Illinois business judgment rule. Under that rule the "judgment of the directors of corporations enjoy a presumption that it was formed in good faith and was designed to promote the best interests of the corporation they serve." *Stamp v. Touche Ross & Co.*, 636 N.E. 2d 616, 621 (1st Dist. 1993). The rule "protects directors who have performed diligently and carefully and have not acted fraudulently, illegally or otherwise in bad faith." *Treco, Inc. v. Land of Lincoln Sav. & Loan*, 749 F.2d 374, 377 (7th Cir. 1984).

The Trustee has not alleged with specificity that Gross has acted fraudulently, illegally or in bad faith as to specific matters that came before the board while he was a director.

Gross was a director on the Debtor's board from 2007 to 2008. The Trustee alleges that he should have reviewed transactions that occurred in 2004 and 2006, discovered that they were improper and taken action to retrieve resources for the benefit of the Debtor. No legal authority for such a duty has been cited.

The Trustee's conclusory allegations are inconsistent with his duty to

complain of plausible, actionable conduct and to give notice to the Defendant of what was done improperly.

The Trustee alleges that Gross failed to detect breaches of fiduciary duties committed by Gillman, Dubin, RAI and Kayman. The Trustee's complaint fails to indicate which breaches this allegation concerns. This is material because the facts indicate that some of the transactions in issue occurred years before Gross became a board director. What facts or occurrences show that Gross acted illegally, fraudulently or in bad faith as to matters that came before the board? The allegation fails to show that Gross breached a fiduciary duty to the Debtor as alleged in Count XVII or that he acted with gross negligence as alleged in Count XVIII.

The Trustee alleges that Gross prolonged the Debtor's existence when the Debtor should have ceased operating. The Trustee's complaint fails to indicate the facts and occurrences Gross knew of that should have caused him to seek cessation of the Debtor's operations. Nor does it allege the facts and occurrences Gross should have known of. In any event, simple negligence does not amount to the kind of gross negligence that would subject a director to liability. The allegations fail to show that Gross breached a fiduciary duty to the Debtor as alleged in Count XVII or that he acted with gross negligence as alleged in Count XVIII.

The Trustee alleges that Gross failed to secure audits that would have discovered the financial irregularities of the Debtor and its officers. This allegation lacks specificity. Are there audits that show that Gross could have and should have discovered irregularities while he was on the Debtor's board? What irregularities should Gross have discovered? When did those irregularities occur? The allegation fails to show with specificity that Gross breached a fiduciary duty to the Debtor as alleged in Count XVII or that Gross committed gross negligence as alleged in Count

XVIII.

The Trustee alleges that Gross failed to implement sufficient controls to ensure that the Debtor implemented and followed sound business practices. When should Gross have done this? What facts and occurrences required such? Were any such controls in place? The allegation fails to show with specificity that Gross breached a fiduciary duty to the Debtor as alleged in Count XVII or that he committed gross negligence as alleged in Count XVIII.

The Trustee alleges that Gross failed to recommend the removal of Gillman, Dubin and/or Kayman from management of the Debtor. What facts or occurrences should have led Gross to take these actions? Did they occur while he was a board member? The allegation fails to show that Gross breached a fiduciary duty to the Debtor as alleged in Count XVII or that he committed gross negligence as alleged in Count XVIII.

The Trustee alleges that Gross failed to initiate fraudulent transfer actions to avoid the transfers described in the Complaint. Illinois law allows creditors to pursue fraudulent transfer actions; Gross is not alleged to be a creditor herein. *A.P. Props., Inc. v. Goshinsky*, 186 Ill.2d 524, 529 (Ill. 1999).

The Trustee suggests that because Gross was or had been an employee of Chase and was placed on the Debtor's board at Chase's behest, his conduct amounted to a conflict of interest. The Trustee has not alleged that Chase was a transferee of any of the transactions complained of. The Trustee has not alleged with specificity how Gross may have acted without regard for the Debtor's interests in a way that improperly benefitted Chase. Gross should not be required to answer the Trustee's First Amended Complaint and participate in prolonged discovery to discern what he has been charged with doing improperly.

Generally, the First Amended Complaint does not show that the Trustee is entitled to relief as to Defendant Murray Gross.

The Court agrees with the Trustee's position articulated in his Response Brief that whether a director is protected by the business judgment rule is an issue of fact. However, the Trustee must first plead facts that show that he is entitled to the relief requested. He has not does so herein. Most glaringly, the Trustee has not cited legal authority for its allegations that Gross should have done something about transactions that occurred before he became a director.

The motion to dismiss is granted. Counts XVII and XVIII are dismissed as to Defendant Murray Gross without prejudice. The Trustee may file a Second Amended Complaint herein within 60 days of the issuance of this order.

DATED: October 12, 2011                    ENTER:

*Jacqueline P. Cox*
J. Cox
_____
Jacqueline P. Cox
U.S. Bankruptcy Judge